■ JACK SOBEL, as Surviving General Partner of Great River Country Club Associates, Appellant, v. JOHN BESS et al., Respondents.— Order of the Supreme Court, Suffolk County, dated February 10, 1972, affirmed, with $10 costs and disbursements. In our opinion the denial of plaintiff's motion for severance of an issue was a proper exercise of Special Term's discretion. No other issue is decided herein. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ JACK SOBEL, as Surviving General Partner of Great River Country Club Associates, Respondent, v. JOHN BESS et al., Appellants.— Appeal by defendants from an order of the Supreme Court, Suffolk County, entered January 25, 1972, which granted plaintiff's motion to vacate defendants' two demands for bills of particulars, dated October 7, 1971 and October 29, 1971, respectively. Order modified by (1) limiting the granting of the motion to the second demand for a bill of particulars, without prejudice to defendants' serving a new demand after plaintiff shall have had an opportunity to examine the books and records of defendant Timber Point Country Club, Inc., and (2) denying the motion as to the first demand for a bill of particulars. As so modified, order affirmed, without costs. The bill of particulars in response to the first demand shall be furnished within 10 days after service of a copy of the order to be entered hereon, with notice of entry. Particulars will be required in an action for an accounting as to matter involved in the accounting itself as soon as the right to the accounting has been established, i.e., as soon as an interlocutory decree has been entered awarding an accounting (6 Carmody-Wait, 2d, New York Practice, § 36:33; *Rector, Churchwardens and Vestrymen of Church of Holy Trinity, Brooklyn* v. *Munsell,* 11 A D 2d 698). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.